CABE PARRETT v. STATE.

[58 South. 1.].

EXHIBITING DEADLY WEAPONS. *Indictment. Requisites. Code of 1906, section* 1110.

An indictment charging the exhibition of deadly weapons under Code of 1906, section 1110 must allege that the exhibition was "in the presence of three or more persons" as these words are essential and such defect in the indictment is not cured by evidence that three or more persons were present when accused exhibited the weapon.

APPEAL from the circuit court of Simpson county.

HON. W. H. HUGHES, Judge.

Cabe Parrett was convicted of exhibiting a deadly weapon and appeals.

The facts are fully stated in the opinion of the court.

*Hilton & Hilton,* for appellant.

The court said in the Traylor case, on page 523 of the opinion, under black letter, subdivision 5: "We know

of no rule of law which will justify the court in convicting a person of any crime unless the offense comes under the letter of the statute. The law is, that criminal statutes must be strictly construed. Such has been the law from time immemorial.''

We call the court's attention, also, to the fact that the indictment does not charge that this offense was committed in the presence of three or more persons, as provided by the statutes, and was, therefore, fatally defective in matter of substance. It could not be said that the appellant waived this defect, by not demurring to the indictment; it is not too late to raise the question by a motion in arrest of judgment, which was done. See the case of *Hughes* v. *State of Mississippi,* 74 Miss. 368. In this case the indictment did not charge that the cotton alleged to háve been stolen, was the property of another, than the accused; and the court said that the defect is one of substance, and the motion in arrest of judgment should have been sustained. See, also, the case of *Thompson* v. *State,* 51 Miss. 353, in which the court said, ''that a conviction could not be had upon an affidavit stating that the accused did shoot and wound one horse, with a gun, without charging that it was done mischievously or maliciously, no crime known to the law was committed.'' In this case a motion in arrest was made, and the court held that the same should have been sustained. In the case of *Denly* v. *State,* 12 S. R. 698, which is not officially reported, this court said that a motion in arrest of judgment brings in question, the sufficiency of the indictment on every ground, whether specifically assigned or not. In this case Denly was indicted for selling cotton on which there was a lien, and the indictment did not aver that the money was received by reasons of, or because of the sale of the cotton. The court said that this was a constitutional defect; and while it was not specifically argued, or pointed out, even in the supreme court, yet, the supreme court, of its own motion

said the motion in arrest of judgment, brought into question the sufficiency of the indictment, and the case was reversed, and the indictment quashed. A very late utterance of this court on, this question is found in 91 Miss. 250. In this case, the court said, it is a material matter, where the defendant was indicted for perjury that the indictment negative the truth of the defendant's testimony. Moore was convicted and a motion in arrest of judgment was made and overruled. Moore appealed, and the case was reversed and remanded.

We think the cases cited above are directly in point with the point involved here. Section 1110 undertakes to say, that if certain persons shall exhibit certain weapons in a certain manner, before three or more persons, he shall be guilty, etc. It is not a violation of the law for the man to get very angry and take his gun and get off in the woods by himself, and exhibit it in a rude, angry and threatening manner nor is it against the law for a man to exhibit a deadly weapon in a rude, angry or threatening manner in the presence of one person, nor two persons; but there must be three persons. We think that is one of the essential matters of substance, and it is as necessary to allege the presence of three or more persons in an indictment, as it is to allege that the weapon was exhibited, or as it is to allege that it was not in necessary self-defense, or any other of the things that goes to constitute the offense.

We think, also that the court erred in not peremptorily instructing the jury to find for the defendant when the testimony was submitted, because the indictment fails, in the first instance to charge him with any offense, and the testimony fails to show that this defendant had committed any offense, or was such person who could commit it under section 1110. And for the further reason that the indictment itself, failed to show that he exhibited the weapon in the presence of three or more persons.

*Frank Johnston,* assistant attorney-general, for appellee.

The other objection to the indictment made in the motion for arrest of judgment is, that the statutory offense defined by section 1110, must contain the essential qualification that the exhibition of a deadly weapon in a rude, angry or threatening manner must have been made in the presence of three or more persons. I concede that this is a statutory offense, and the charge made in the indictment should be brought within the terms, either expressly or substantially, employed in the statute.

I do not desire to present an argument to the court upon the proposition that this offense contains, as one of its essentials, the exhibition of the deadly weapon in the presence of three or more persons, but I am content to leave this question without argument, to the decision of the court.

The further question presented, however, in regard to the consideration of the motion on this ground in arrest of judgment is, whether the objection should not have been presented at the outset, and before the verdict by a motion to quash the indictment.

I am aware the rule announced by this honorable court in various cases that a motion in arrest of judgment upon the ground of a defect in the indictment, is sustainable, and is a proper mode of raising the objection in cases where the indictment itself is fatally defective in not charging an offense, known to the law.

In the case at bar, the shotgun was used, or displayed, by the appellant, not only in a rude, angry and threatening manner in the presence of at least three persons as shown by the testimony, but also it was shown that Landers, the man who was attacked by the appellant, saved himself from being shot by retreating into the house, and also by interference of the bystanders.

Upon this state of the proof, which was admitted without any objection on the part of the appellant, the ques-

tion is, whether, after the offense had been proved fully and clearly by the undisputed testimony of the eye-witnesses and this without any objection on his part, whether he can now raise this question by a motion in arrest of judgment. In this testimony as to the presence of these witnesses at the time the weapon was displayed, an objection could have been made that, being not charged in the indictment as to the presence of three or more persons at the time, the testimony was incompetent.

The question is, therefore, whether the appellant, having made no objection to the testimony, and the offense having been made out completely and satisfactorily in the evidence, under the express terms of section 1110, defining the offense, can, after the verdict, raise the question as to the sufficiency of the indictment on this point by a motion in arrest of judgment.

Argued orally by *R. T. Hilton,* for appellant.

Argued orally by *Frank Johnston,* assistant attorney-general, for the state.

McLAIN, C.

Appellant was convicted and sentenced in the circuit court of Simpson county on the charge of exhibiting a deadly weapon in a rude, angry, and threatening manner. From this judgment he appeals to this court.

The indictment charges that he, "on the —— day of April, 1910, in Simpson county aforesaid, did wilfully and feloniously, in a quarrel, and not in necessary self-defense, exhibit a shotgun, a deadly weapon, in a rude, angry, and threatening manner, against the peace and dignity of the state of Mississippi." Section 1110, Code 1906, under which this indictment was drawn, recites that "if any person having a deadly weapon shall, in the presence of three or more persons, exhibit the same in a rude, angry, or threatening manner, not in necessary

self-defense,'' etc.   The motion in arrest of judgment, filed by appellant, in substance presented the question whether the indictment charges a criminal offense under section 1110, Code 1906.   The motion was overruled by the court.

Manifestly the indictment should have contained the essential qualification that the exhibition of the deadly weapon must have been made ''in the presence of three or more persons.''   These words were left out of the indictment, and they were essential.   To make a crime under this section, the exhibition of the deadly weapon *in the presence of three or more persons* is necessary, and this fact must be averred in the indictment.   It is true, from the record in this case, that three or more persons were present when appellant exhibited the weapon in a rude, angry, and threatening manner, not in his necessary self-defense; but this does not supply the defect in the indictment.

We think the motion in arrest of judgment should have been sustained, and, for reasons above, we think the case should be reversed.                                *Reversed.*

PER CURIAM.   For reasons assigned by the Commissioner, the judgment of the court below is reversed, the indictment quashed, and appellant discharged.